GARY SNELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Snell v. Commissioner
Docket No. 10136-92
United States Tax Court
T.C. Memo 1993-470; 1993 Tax Ct. Memo LEXIS 480; 66 T.C.M. (CCH) 1013; October 12, 1993, Filed *480 An appropriate order and order of dismissal for lack of jurisdiction will be entered. For petitioner: Frederick W. Daily III. For respondent: Bruce E. Gardner. FAY
FAY
MEMORANDUM OPINION FAY, Judge: This case was heard by Special Trial Judge James M. Gussis pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. All section references are to the Internal Revenue Code, as amended. All Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the opinion of the Special Trial Judge which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction filed July 13, 1992, and petitioner's Motion to Dismiss for Lack of Jurisdiction filed August 5, 1992. Petitioner was a resident of El Cerrito, California, at the time this petition was filed. Respondent determined a deficiency in petitioner's Federal income tax and various additions to the tax for the taxable year 1985. On October 5, 1989, respondent mailed duplicate statutory notices of deficiency by certified mail to P.O. Box 223118, Carmel, California 93922-3118 *481 and to 30980 Aurora Del Mar, Carmel Highlands, California 93923, as shown by the postmark date stamped on the executed certified mailing list Form 3877. The 90-day period for timely filing the petition in this case expired on Wednesday, January 3, 1990, which date was not a legal holiday in the District of Columbia. See sec. 6213(a). Petitioner filed his petition in this case with the Tax Court on May 14, 1992, which date is 952 days after the mailing of the notice of deficiency. The envelope in which the petition was received by the Tax Court does not have a postmark. See sec. 7502(a). We note that the petition is dated May 11, 1992. On these facts, the petition was not timely filed under the provisions of section 6213(a) or section 7502(a). In order for a taxpayer to invoke the jurisdiction of this Court, there must be both a valid notice of deficiency and a timely filed petition. . Section 6212(a) authorizes the Secretary upon the determination of a deficiency in income tax, to issue a notice of deficiency by certified or registered mail. A notice of deficiency is valid, regardless of actual *482 receipt by the taxpayer, if mailed to the taxpayer's "last known address". Sec. 6212(b) (1); see , affg. . Generally, respondent is entitled to treat the address appearing on the taxpayer's most recently filed return as the last known address absent "clear and concise notification" of a new address. ; , affd. without published opinion . We note that an appeal in this matter would be to the Court of Appeals for the Ninth Circuit. The Ninth Circuit has emphasized that the above rule provides a "clear starting point" for the determination by the respondent of the taxpayer's last known address. . The question of what constitutes a taxpayer's last known address is a factual one which requires a full evaluation of the knowledge possessed by the respondent at the *483 time the notice of deficiency was issued. See . Here, the last return filed by petitioner prior to the October 5, 1989, mailing of the notice of deficiency was his 1987 tax return which was received by respondent on March 30, 1989, and reflected petitioner's address as P.O. Box 223118, Carmel, California 93922. On October 5, 1989, respondent mailed a duplicate original notice of deficiency to the P.O. Box 223118 address and also mailed a duplicate original to his former residence at 30980 Aurora Del Mar, Carmel Highlands, California 93923. Both notices were returned to respondent unclaimed. From about July 1988 to August 1991, petitioner was incarcerated in the State of California Correctional Facility in Vacaville, California. On or about August 17, 1988, respondent's revenue agent, David Sanchez, became aware of petitioner's incarceration in Vacaville, California. A place of incarceration may, under some circumstances, be the taxpayer's last known address. See . Here, however, it appears that petitioner's last *484 return filed prior to the mailing of the notice of deficiency, which was filed with respondent after the date petitioner commenced serving his 3-year sentence, showed his address to be P.O. Box 223118, Carmel, California 93322. There is nothing in the record to suggest that petitioner, prior to the mailing by respondent of the October 5, 1989, notice of deficiency, gave notice to respondent that he wished correspondence to be sent to his place of incarceration. See . Moreover, the record establishes that petitioner has made continuous payments to keep open post office box number 223118 effective through August 31, 1993. A full time employee of petitioner during the period from October 1988 through March 1990 testified that one of her duties as executive secretary was to regularly ("daily, or at least every other day") pick up all correspondence at petitioner's three post office boxes, including P.O. Box 223118. She further testified that she was instructed by petitioner not to pick up registered and certified mail. As indicated above, the notice of deficiency mailed by respondent by certified *485 mail to the P.O. Box 223118 address was returned to respondent on October 22, 1989, marked "Return to Sender Unclaimed". In short, petitioner simply turned his back on the notice of deficiency which, in our view, was mailed to petitioner's last known address. Under these factual circumstances, we conclude that the notice of deficiency sent by certified mail by respondent to the P.O. Box 223118 address was mailed to petitioner's "last known address" within the statutory meaning and, hence, valid regardless of actual receipt. See ; . Petitioner's argument with respect to the consequences of respondent's failure to follow certain procedural rules is without merit. In general, procedural rules of the Internal Revenue Service are merely directory and compliance with them is not essential to the validity of a notice of deficiency. See generally, , affd. ; . *486 We conclude on this record that respondent's notice of deficiency mailed to petitioner at the P.O. Box 223118 address on October 5, 1989, was valid. We also conclude on these facts that the petition herein filed on May 14, 1992, some 952 days after the mailing of the notice of deficiency, was not timely within the meaning of the statute. In view of the foregoing, respondent's motion to dismiss for lack of jurisdiction, filed July 13, 1992, will be granted, and petitioner's motion to dismiss for lack of jurisdiction filed August 5, 1992, will be denied. An appropriate order and order of dismissal for lack of jurisdiction will be entered.